**Elizabeth CHAVEZ et al., Plaintiffs,**

v.

**FRESHPICT FOODS, INC., et al.,
Defendants.**

**Civ. A. No. C-2486.**

United States District Court,
D. Colorado.

Feb. 2, 1971.

Colorado Rural Legal Services, Inc., by Jonathon B. Chase and Guy T. Saperstein, Boulder, Colo., for plaintiffs.

Mitchell & Babcock, Rocky Ford, Colo., West & Winters, Melvin Dinner, Greeley, Colo., Clarke & Waggener, Willett & Carroll and Gelt & Grossman, Denver, Colo., Bellinger, Faricy, Tursi & O'Callighan, Pueblo, Colo., Edward A. Walsh and Jerry C. Daniel, Denver, Colo., Gaunt, Byrne & Dirrim, Brighton, Colo., Hill & Hill, Fort Collins, Colo., Holland & Hart, Frances Mancini, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

The plaintiffs are domestic farm workers and workers employed in agriculturally-related industries who complain that they are being deprived of employment by the employment by defendants of "illegal entrants" into the United States.

The essence of the complaint is set forth in paragraph 1 of the Amended Complaint as follows:

"This is a civil action brought by Plaintiffs on their own behalf and on behalf of all others similarly situated, for damages, injunctive relief, and a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the employment of an illegal entrant with knowledge or when the employer had reasonable grounds to know of such illegal status, is an unlawful circumvention of 8 U.S.C. § 1101(a) (15) (H) (ii), 8 U.S.C. § 1182(a) (14), 20 C.F.R. §§ 602.10–602.10b and 29 C.F.R. §§ 60.1–60.6, and a violation of the rights of Plaintiffs, domestic farmworkers, workers in agriculturally-related industries, and members of the class which the foregoing statutes and regulations were intended to protect." [1]

---

1. § 1101(a) (15) (H) (ii) provides in its pertinent parts:

"The term 'immigrant' means every alien except an alien who is within one of the following classes of nonimmigrant aliens—

"(H) (ii) an alien * * * who is coming temporarily to the United States to perform temporary services or labor, if unemployed persons capable of performing such service or labor cannot be found in this country; * * *"

§ 1182(a) (14) provides:

"Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

"(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of the application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor,

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The Court has considered the motions and the briefs filed in support of and in opposition thereto and determines the motion should be granted.

The complaint is based upon plaintiffs' contention that the sections of the statute set forth in the complaint impliedly authorize a private cause of action against those persons who employ aliens who are in the United States in violation of Section 1182(a) (14).

We conclude the contention is without merit and that the complaint fails to state a claim upon which relief can be granted.

The sections of the statute cited in the complaint are but a minute part of Chapter 12 of Volume 8 of the United States Code Annotated, which is a comprehensive and detailed Congressional Act regulating immigration and naturalization.

The administration and enforcement of Chapter 12 is specifically delegated and entrusted to certain federal officials, federal departments, and federal agencies.

Section 1103(a) of Chapter 12 provides in pertinent part:

"The Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers: * * * "

To enable these officials to carry out this Congressional mandate, Congress has provided the Attorney General with the Immigration and Naturalization Service of the Department of Justice, and has authorized the establishment of a Bureau of Security and Consular Af-

fairs under the jurisdiction of the Secretary of State, which includes the Passport Office, the Visa Office, and "such other offices as the Secretary of State may deem to be appropriate". (Section 1104).

Section 1182, referred to in plaintiffs' complaint, establishes thirty-one classes of aliens who are to be excluded from admission, of which that described in subsection (14) is only one. Section 1182 is a Congressional directive to the federal officials and agencies charged with the administration and enforcement of the Act to exclude those aliens described therein. There is nothing in Section 1182 or in the balance of Chapter 12 which establishes, or creates or implies the establishment or creation of any private rights of enforcement or any private rights of action.

The implications which may properly be drawn from Chapter 12 do not support the plaintiffs' contention. The penalty provisions of Chapter 12, (Section 1324), which provide punishment by fine and imprisonment of those persons who participate in bringing aliens into the United States illegally and those who harbor them after their illegal entry, specifically provides:

"That for the purposes of this section, employment * * * shall not be deemed to constitute harboring."

The implications to be drawn therefrom do not support but are contra to the statement in paragraph 1 of the Amended Complaint, " * * * that the employment of an illegal entrant with knowledge or when the employer had reasonable grounds to know of such illegal status, is an unlawful circumvention of * * * " Section 1101(a) (15) and Section 1182(a) (14).

The complaint fails to state a claim upon which relief can be granted and should be dismissed.

It is therefore ordered that the motions to dismiss the complaint are granted and judgment of dismissal of the complaint shall be entered forthwith.

and (B) the employment of such aliens will not adversely affect the wages and

working conditions of the workers in the United States similarly employed."